UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHOQUAN LONGAMYER<br><br>Plaintiff,<br><br>v.<br><br>SILVER STATE BELL LLC<br><br>Defendants. | Case No. 19-cv-02023-APG-EJY<br><br>**ORDER** |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. ECF No. 1. Plaintiff also submitted a Complaint attached to her *in forma pauperis* application on November 22, 2019.

**I.** *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's Complaint.

**II. Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them

1

"if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff alleges claims of gender discrimination and national origin discrimination against Defendant. Plaintiff, however, fails to allege that she exhausted her administrative remedies with either the Nevada Equal Rights Commission or the Equal Employment Opportunity Commission before bringing her claim to Court. Exhaustion of administrative remedies is a prerequisite to bringing a civil action for damages under both state and federal law. *Delaware State College v. Ricks,* 449 U.S. 250, 256 (1980). Plaintiff also fails to allege sufficient facts upon which relief may be granted pursuant to the standards established in *Iqbal*, 556 U.S. at 679. Plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Plaintiff has not met the pleading standards or alleged sufficient facts to establish more than she is a member of a protected class and that she suffered an adverse employment action.

The Court therefore will dismiss Plaintiff's complaint without prejudice for the Plaintiff to file an amended complaint that meets the jurisdiction and pleading requirements.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and Defendant's conduct that constitutes discrimination. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Defendant Silver State Bell LLC fair notice of Plaintiff's claims against it and Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 2-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court file Plaintiff's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint (ECF No. 1-1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this Order. Failure to comply with this Order may result in a recommendation that this action be dismissed.

DATED: January 13, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE